IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL REAM <br> 107 Barnsbury Rd. <br> Langhorne, PA 19047 | : <br> : <br> : <br> : Civil Action No. _____ |
| Plaintiff, | : |
| v. | : <br> : |
| GREENWOOD GAMING AND ENTERTAINMENT, INC. <br> d/b/a Parx Casino <br> 2999 Street Rd. <br> Bensalem, PA 19020 <br> and <br> BENSALEM PARK MAINTENANCE, LTD <br> 2999-3001 Street Rd. <br> Bensalem, PA 19020 | : <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

Paul Ream (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Defendants Greenwood Gaming and Entertainment, Inc d/b/a Parx Casino and Bensalem Park Maintenance, LTD (hereinafter collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq*.), and the Pennsylvania Human

Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation and that Defendants failed to accommodate him, culminating in his unlawful termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA and FMLA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

2

EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants are headquartered at the above-captioned addresses. Defendant Parx Casino is one of the largest gaming complexes in Pennsylvania, offering a large variety of entertainment and amenities to its patrons including games, a racetrack for thoroughbred horse racing, and several on site restaurants. Defendant Bensalem Park Maintenance provides exclusive general maintenance and repair services to Defendant Parx casino.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, the above entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management such that they may be treated as a single and/or joint employer for the purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about May 10, 2021, and in total, worked for Defendants for more than three years.

13. Throughout Plaintiff's employment, he physically worked within Defendant Parx Casino located at the above-listed Bensalem, PA address, where he was supervised by its management, was subject to its policies and was unlawfully terminated on or about May 24, 2024, by its management for reasons discussed *infra*.

14. At all times relevant herein, Plaintiff's compensation was processed through Defendant Bensalem Park Maintenance, LTD.

15. Plaintiff held the job positions of carpenter, technician, and laborer, which he performed well.

16. Plaintiff was initially issued positive performance feedback and told that he was an asset to Defendants.

17. At all relevant times herein, Plaintiff's management hierarchy included but was not limited to the following of Defendants' employees: Jason Benner (Lead—hereinafter "Benner"); Derek Dempsey, (Lead—hereinafter "Dempsey"); Tim Malmrose (Steward—hereinafter "Malmrose"); Steve Butler (Forman—hereinafter "Butler"); Jay Scanlon (Project Manager and Supervisor—hereinafter "Scanlon"); and Steve Strunk (VP of Facilities and Racing—hereinafter "Strunk").

18. Plaintiff suffers from ADA qualifying mental health disabilities including but not limited to depression and anxiety with associated panic attacks, that at times, limits or restricts major life activities included but not limited to focusing, breathing, sleeping, eating, communicating, thinking, concentrating, interacting with others and, at times, working.

19. In early 2024, Plaintiff confided in his managers that he was dealing with mental health issues and may need accommodations.

20. On or about or April 16, 2024, Plaintiff texted Malmrose requesting to set up a meeting with Defendants' Human Resources ("HR") to address persistent on-the-job harassment Defendants' employees Derek Dempsey and Jeff Kalman (hereinafter "Kalman") were subjecting him to.

21. For context, Dempsey and Kalman were stalking, threatening, and bullying Plaintiff for several months, even aggressively cursing at Plaintiff in front of Defendants' management on occasion, and Defendants' management did not intervene.

22. As a result of Dempsey and Kalman's workplace harassment, Plaintiff's preexisting mental health impairments and associated symptoms were exacerbated including but not limited to increased panic attacks, heightened stress, trouble sleeping, and weight gain which prompted him to enter therapy.

23. Malmrose responded to the aforementioned request for a meeting with HR and informed Plaintiff that HR was not in the office, but he would try to set up a meeting. However, Malmrose did not schedule a meeting with HR and the workplace harassment continued.

24. On or about April 26, 2024, Plaintiff sent a text message to Strunk, Butler, and his business agent as follows:

> "Is it possible to get HR to have a meeting with me? Dereck and Jeff are harassing me, basically stalking me, and trying to sabotage my work. I am treating for depression and anxiety. I am asking for HR to do something as a medical accommodation now since my prior complaints have not been addressed. I feel like HR is avoiding me and I need help ASAP. Thank you."
>
> *See* Text Message attached hereto as "Exhibit A."

25. In response to the aforementioned April 26, 2024, text message to Defendants' management as well as the previous texts to Malmrose, HR scheduled a meeting for May 2, 2024, to discuss Plaintiff's accommodation request.

26. Despite Plaintiff indicating that his accommodation request was an urgent matter, HR did not schedule the meeting for nearly a week after the last request to meet was sent.

27. Even more egregiously, on May 2, 2024, the date of the scheduled meeting between Plaintiff and HR, HR did not hold the scheduled meeting.

28. Instead, on or about May 8, 2024, nearly twenty-one (21) days after Plaintiff's initial request for an urgent meeting with HR, with persistent follow up requests to Defendants' management to meet with HR to discuss disability accommodations and workplace harassment, HR finally met with Plaintiff.

29. During the May 8, 2024, meeting with HR, Plaintiff (1) reiterated his health problems; (2) outlined his disabilities; and (3) explained that the medical accommodation request he sought was for Defendants to enforce its own policies prohibiting workplace harassment, as the harassment he was being subjected to, including threats of physical violence and stalking by Defendants' employees, was seriously exacerbating his mental health disabilities.

30. Thereafter, Defendants' HR agreed that the offending employees (the Dempsey brothers) should not be near Plaintiff while at work and assured Plaintiff they would address his concerns. HR also provided Plaintiff forms to submit for a formal medical accommodation request.

31. On or about May 20, 2024, Plaintiff was still experiencing workplace harassment so he met with HR again and (1) informed HR that the harassment from Defendants' employees continued even after their meeting just days prior; (2) again reiterated that his disabilities were

exacerbated as a result of the workplace harassment; and (3) specifically requested HR intervention to prevent the workplace harassment he was being subjected to by Defendants' employees, a very reasonable accommodation under the ADA.

32. On or about May 21, 2024, Plaintiff submitted his disability accommodation request forms to HR.

33. Plaintiff also informed HR during the two (2) aforementioned May 2024 meetings that after consulting with his therapist, he was considering taking a short leave of absence to tend to his mental health disabilities.

34. Upon learning of Plaintiff's request for a medical leave of absence, Defendants should have, but failed to, properly notify Plaintiff of his FMLA rights and thus failed to follow proper notice and informational regulations of the FMLA.

35. On or about May 22, 2024, Plaintiff emailed HR representative, Rebecca Carr (hereinafter "Carr"), to ensure receipt of his recent complaint about continuing workplace harassment, his accommodation forms, and his message about a short disability-related leave of absence.

36. Sometime thereafter, Carr responded to Plaintiff and confirmed receipt of his disability accommodation forms and ensured him his request was being reviewed.

37. However, on or about May 24, 2024, before rendering a decision on Plaintiff's disability accommodation request, Defendants' management called Plaintiff while he was at work, asked to meet with him, and during the meeting abruptly terminated him.

38. Defendants' reasoning for terminating Plaintiff was due to alleged changes within its apprenticeship program that Plaintiff was once a part of.

39. However, Plaintiff had already completed the apprenticeship program and been employed as a regular full-time employee for some time, so any changes to the program should not have impacted his employment.

40. Upon information and belief, Plaintiff was the only person who was once a part of the apprenticeship program that was laid off at that time.

41. Even more perplexing, Kalman, who had subjected Plaintiff to extensive and frequent workplace harassment which he had recently reported, and who had also been a part of Plaintiff's apprenticeship cohort, was retained as an employee by Defendants.

42. Defendants' reason for Plaintiff's termination was completely pretextual, as Plaintiff was terminated within days of: (1) disclosing his disabilities to HR and management; (2) requesting disability-related medical accommodations; (3) reporting/complaining about disability-related discrimination and harassment; and (4) after mentioning he needed to take a short medical leave that should have been covered under the FMLA.

43. Plaintiff believes and therefore avers that Defendants' discriminatory conduct violates the ADA, FMLA and PHRA.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/perceived/Record of Disability Discrimination; [2] Retaliation;**
**and [3] Failure to Accommodate)**
**-Against Both Defendants-**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities (as discussed *supra*).

46. Plaintiff requested reasonable accommodations from Defendants' management, including but not limited to HR intervention to stop workplace harassment that was exacerbating his disabilities, and a short-term medical leave to tend to his disabilities.

47. Rather than engage in the interactive process and/or accommodate Plaintiff's disabilities, Defendants instead terminated his employment almost immediately after he submitted an official accommodation request and grievances to HR.

48. Plaintiff therefore asserts that Defendants failed to engage in the interactive process and/or accommodate his disability by *inter alia*: terminating him within weeks of disclosing to Defendants management that he suffers from mental health impairments, those impairments were exacerbated as a result of persistent workplace harassment from Defendants employees and as a result of Defendants not enforcing their own anti-harassment policies, and within days of notifying HR that he was consulting his therapist about a potential future short-term leave of absence.

49. Plaintiff also believes and therefore avers his known and/or perceived disabilities; and/or (2) his record of impairment were motivating and/or determinative factors in the decision to terminate his employment.

50. Plaintiff also claims that Defendants terminated his employment because he engaged in protected activity under the ADA (such as requesting reasonable medical accommodations).

51. Defendants' unlawful discrimination and retaliation constitutes violations of the ADAAA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**
**-Against Both Defendants-**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

54. Plaintiff informed Defendants' HR that he needed a leave of absence related to his disabilities.

55. Plaintiff had been employed with Defendants for at least twelve months prior to his request for FMLA, pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

56. Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment prior to his request for FMLA.

57. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

58. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

59. Defendants committed interference and retaliation violations of the FMLA by *inter alia* (1) failing to inform Plaintiff of his FMLA eligibility upon Plaintiff's disclosure of his contemplated medical leave after; (2) failing to comply with the FMLA's notice requirements; (3) engaging in conduct that discouraged and/or dissuaded Plaintiff from taking FMLA-qualifying medical leave; (4) terminating Plaintiff's employment to prevent him from utilizing

FMLA leave; and (5) terminating Plaintiff because of his FMLA leave needs and requests for FMLA-qualifying medical leave.

      **WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

      A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

      B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

      C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

      D.     Plaintiff is to be awarded liquidated damages for Defendants' FMLA violations;

      E.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress and pain and suffering;

      F.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G.Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

H.Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:*/s Ari R. Karpf*
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
8 Neshaminy Interplex Dr,
Suite 210
Trevose, PA 19053
(215) 639-0801

Dated:September 25, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Paul Ream : CIVIL ACTION
  v. :
  :
Greenwood Gaming and Entertainment, Inc., et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 9/25/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 107 Barnsbury Road, Langhorne, PA 19047

Address of Defendant: 2999 Street Road, Bensalem, PA 19020; 2999-3001 Street Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  *(signature)*  ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/25/2024  *(signature)*  ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REAM, PAUL

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
GREENWOOD GAMING AND ENTERTAINMENT, INC. D/B/A PARX CASINO, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/25/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___